FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2013 JUL 12 PM 3: 51
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| JOHNNY OVERSTREET, JR., | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CV 112-086 |
| | ) |
| WILLIAM DANFORTH, Warden,[1] and | ) |
| SAMUEL OLENS, Attorney General of the | ) |
| State of Georgia, | ) |
| | ) |
| Respondents. | ) |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Johnny Overstreet, Jr., an inmate currently incarcerated at Telfair State Prison in Helena, Georgia, filed the above-styled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Before the Court is the Attorney General's motion to be dismissed as an improper party respondent. (Doc. no. 15.) Petitioner failed to respond to the Attorney's General's motion, and it is thus deemed unopposed. See Loc. R. 7.5. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that the motion be **GRANTED** and that the Attorney General be **DISMISSED** from this case.

I.  **BACKGROUND**

On August 29, 2007, Petitioner was convicted in the Superior Court of Richmond

---

[1] As explained in greater detail infra, see Part II, the proper respondent in this case is William Danforth, the current Warden at Petitioner's place of confinement, Telfair State Prison. See Rule 2(a) of the Rules Governing Section 2254 Cases. The **CLERK** is **DIRECTED** to substitute William Danforth for David Frazier as a Respondent in this case.

County of armed robbery, kidnapping, aggravated assault, burglary, possession of a firearm during the commission of a crime, and possession of a knife during the commission of a crime. (Doc. no. 4, pp. 3-4.) Petitioner was sentenced to life imprisonment plus seventy-five years. (Id. at 4.) Petitioner filed a direct appeal with the Georgia Court of Appeals, which affirmed his convictions on June 1, 2010. (Id.)

Petitioner filed a state habeas corpus petition in the Superior Court of Telfair County which was denied on August 29, 2011. (Id. at 4-5.) Thereafter, on April 24, 2012, the Georgia Supreme Court denied Petitioner's application for a certificate of probable cause to appeal. (Id. at 5.) Petitioner then timely filed his federal petition, naming two Respondents: (1) David Frazier, who was then Warden of Telfair State Prison, and (2) Samuel Olens, the Attorney General of the State of Georgia. (See generally id.)

## II. DISCUSSION

The Court finds that the Attorney General is an improper Respondent and should be dismissed. Pursuant to 28 U.S.C. § 2242, an application for a writ of habeas corpus shall allege the name of the person having custody over a petitioner. Furthermore, Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts states that for habeas petitioners who are currently in the custody of the state, "the petition must name as respondent the state officer who has custody." The Advisory Committee Notes to Rule 2 explain that the state officer having custody of the petitioner, often a prison warden, is the appropriate respondent when a petitioner is seeking relief from a sentence for which he is currently incarcerated. The Notes further explain that the state Attorney General is an appropriate party respondent when the petitioner is attacking a sentence which will be carried

2

out in the future or for which the petitioner is not incarcerated, on probation, or on parole. Moreover, the Supreme Court has observed that "longstanding practice confirms that in habeas challenges to present physical confinement – 'core challenges' – the default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official." Rumsfeld v. Padilla, 542 U.S. 426, 435 (2004); see also Hogan v. Hanks, 97 F.3d 189, 190 (7th Cir. 1996) ("[T]he only proper respondent in a collateral attack is the petitioner's custodian.... If the petitioner is in prison, the warden is the right respondent.... A state's attorney general is a proper party only if the petitioner is not then confined, but expects to be taken into custody.").

As Petitioner is challenging the sentence for which he is currently incarcerated, the current Warden at Telfair State Prison, William Danforth, is the only proper Respondent. The Attorney General's motion to dismiss should therefore be granted.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that the Attorney General's motion to dismiss be **GRANTED** (doc. no. 15) and that the Attorney General be **DISMISSED** from this case.

SO REPORTED and RECOMMENDED on this 12th day of July, 2013, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE